FILED
12/12/19 11:32 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

SHANE M. PLATTEBORZE,  : Case No. 19-11011-TPA
    *Debtor*.  : Chapter 7
: Related to Doc. No. 14
: Hearing: Jan. 16, 2020 at 10:30 A.M.

## ORDER

On December 4, 2019, PNC Bank filed a **_Reaffirmation Agreement_** (Doc. 14) with the Debtor, seeking to reaffirm a mortgage loan on certain real property located at 59 S. Myers Avenue, Sharon, PA ("Property") in the amount of $41,344.56. Based upon the *Reaffirmation Agreement*, the reaffirmed payment is to be $1,565.16 per month, and the Debtor's net monthly disposable income is to be $3.75 after payment of the reaffirmed debt. The Debtor values the property at $45,000 on his Schedule "A." With the amount to be reaffirmed under this *Reaffirmation Agreement* at $45,000 it appears that PNC Bank is oversecured by as much as $3,655.44.

Notwithstanding the foregoing circumstances, based upon a review of the *Reaffirmation Agreement*, coupled with the effects of applicable Pennsylvania law in regards to mortgage foreclosures and the options afforded by the Bankruptcy Code, as a policy, the Court does not believe reaffirmations of mortgages or other obligations secured by residential real estate are appropriate. Therefore, at this stage of the proceedings, the Court is inclined to deny approval of the *Reaffirmation Agreement* for the reasons stated below.

Pennsylvania law provides a residential mortgagor with significant protections. For instance, under Pennsylvania Act 6, *41 P.S. §101, et. seq.*, a mortgagee may not take any action to

accelerate a mortgage obligation, foreclose on the mortgage, or take possession of property without giving a debtor at least 30 days advance notice of an intent to do so, which notice must state the nature of the default claimed. *See 41 P.S. §§403(a), (c)*. Additionally, a debtor would have up to one hour prior to the commencement of bidding at a sheriff sale on the Property to cure the default and prevent the sale. *41 P.S. §404(a)*. Even if a debtor's personal liability on the mortgage is not reinstated and is ultimately discharged, a debtor will enjoy these protections. Furthermore, as long as a debtor makes the required payments on the mortgage, that debtor will be absolutely secure in the property.

The Bankruptcy Code provides further support for disapproving the *Reaffirmation Agreement*. A debtor has four options under the Bankruptcy Code for the treatment of real property: surrender, redemption, reaffirmation, or "ride-through." *See In re Hart*, 402 B.R. 78, 83 (Bankr. D. Del. 2009). By selecting the "ride-through" option, a debtor may retain real property without reaffirming or redeeming the debt as long as a debtor remains current on the payments. *Id.* Courts have held that BAPCPA did not abrogate the right of a debtor to choose the "ride-through" option as it relates to the Property. *See 11 U.S.C. §521(a)(6); 11 U.S.C. §362(h); see also In re Baker,* 390 B.R. 524, 529–30 (Bankr. D. Del. 2008), *aff'd,* 2009 WL 222001 (D. Del. 2009); *In re Caraballo,* 386 B.R. 398 (Bankr. D. Conn. 2008); *In re Waller*, 394 B.R. 111 (Bankr. D. S.C. 2008). Thus, as long as a debtor remains current on the required payments, the Court does not discern any benefit to be gained in reaffirming the debt.

With regards to PNC Bank, based on the submissions to the Court, it appears that its claim is oversecured, as the value of the Property exceeds the aggregrate amount of the reaffirmed debt. In the event that the Debtor is unable to make his payments, the Bank could take appropriate measures to foreclose and liquidate the Property and likely receive payment in full.

*AND NOW,* this *11th* day of *December, 2019*, for the foregoing reasons, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that:

(1)  The *Reaffirmation Agreement* (Doc. 14), is **NOT APPROVED,** unless ***on or before December 26, 2019,*** the ***Debtor*** files a ***Narrative Statement*** in support of the *Reaffirmation Agreement* identifying specific reasons why this Court should approve the *Reaffirmation Agreement* despite the law in Pennsylvania and the presumption of undue hardship.

(2)  In the event that the Debtor files a *Narrative Statement*, a hearing on the *Reaffirmation Agreement* is scheduled for ***January 16, 2020 at 10:30 A.M.*** in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501.  The ***Debtor*** and ***Counsel for the Debtor*** shall ***personally*** appear at the hearing.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
    Debtor
    Chester B. Scholl, Jr.
    James Warmbrodt, Esq.

3

United States Bankruptcy Court
Western District of Pennsylvania

In re:
Shane M. Platteborze
    Debtor

Case No. 19-11011-TPA
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0315-1     User: bsil     Page 1 of 1     Date Rcvd: Dec 12, 2019
                   Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 14, 2019.
db         +Shane M. Platteborze,   59 S. Myers Avenue,   Sharon, PA 16146-2946

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                                          TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 14, 2019                                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 12, 2019 at the address(es) listed below:
        Chester B. Scholl, Jr.    on behalf of Debtor Shane M. Platteborze scholl@scholl.org, wendy@fdgs-law.com
        James Warmbrodt    on behalf of Creditor    PNC BANK NATIONAL  ASSOCIATION bkgroup@kmllawgroup.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Tamera Ochs Rothschild    trothschild@gmx.com, pa70@ecfcbis.com
                                                                                                                               TOTAL: 4